```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
CHRISTIAN KILLORAN,
on behalf of his son,
AIDEN KILLORAN,
                                            No. 20-CV-4121(JS)(SIL)
                Plaintiff,
                                            OMNIBUS ORDER[1]
                                        (1) DENYING (a)
                                            DEFENDANTS' MOTION
                                            FOR PRE-MOTION
                                            CONFERENCE, and (b)
                                            PLAINTIFF'S RULE
                                            54(B) MOTION; and
                                        (2) TO SHOW CAUSE re:
                                            CONSOLIDATION

      -against-

WESTHAMPTON BEACH SCHOOL
DISTRICT; MICHAEL RADDAY,
as Superintendent;
MARY ANNE AMBROSINI,
as Director of Pupil Personnel;
SUZANNE MENSCH, HALSEY C. STEVENS,
JOYCE DONNESSON, and GEORGE R. KAST,
as Board of Education Members,

                Defendants.
-----------------------------------x
For Plaintiff:     Christian Killoran, Esq., Pro Se
                   132-13 Main Street
                   Westhampton Beach, New York 11978


For Defendants:    Anne C. Leahey, Esq.
                   Anne Leahey Law, LLC
                   17 Dumplin Hill Lane
                   Huntington, New York 11743



SEYBERT, District Judge:
```

---

[1] The Court incorporates herein the terms of art defined in its March 22, 2022 Memorandum & Order (see ECF No. 27), familiarity with which is assumed.

1

Presently before the Court in this action are:

(A) The Defendants' request for pre-motion conference ("PMC") regarding a proposed Rule 12(b)(6) dismissal motion (see ECF No. 32); and

(B) Plaintiff's letter motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure seeking certification that the Court's March 22, 2022 ruling regarding his IDEA claim is a "final judgment" (hereafter, the "Rule 54(b) Motion") (see ECF No. 33).

In addition, the Court issues an order to show cause why this case should not be consolidated with other actions commenced by Plaintiff regarding A.K.'s education during the 2020-2021 academic year.

## PROCEDURAL BACKGROUND[2]

On March 22, 2022, the Court issued its Memorandum & Order granting the Defendants' Dismissal Motion and denying Plaintiff's Cross-Motion for Summary Judgment (hereafter, the "M&O"). (See ECF No. 27.) In its ruling, inter alia, the Court dismissed with prejudice Plaintiff's IDEA claim having found the IDEA's stay-put provision had not been violated since the School District had not breached the 2019 Agreement regarding A.K.'s

---

[2] The Court assumes the parties' familiarity with the facts and procedural posture of this case to date and, therefore, addresses only the facts necessary to issue its rulings herein.

pendency placement. (See M&O at 17.) Thereafter, on March 29, 2022, Plaintiff filed a Notice of Interlocutory Appeal regarding this ruling of his "pendency claim." (See Appeal Notice, ECF No. 28; see also Rule 54(b) Motion.) On April 4, 2022, he also filed an Amended Complaint as to those causes of action dismissed without prejudice, i.e., his ADA, Section 504, and Section 1983 claims. (See Am. Compl., ECF No. 29.)

On April 11, 2022, Defendants filed their motion for a PMC regarding a Rule 12(b)(6) dismissal motion they sought to make against Plaintiff's Amended Complaint. (See ECF No. 32.) Plaintiff has not responded to the PMC Motion, and his time to do so has expired. (See Case Docket, in toto; compare SJ Ind. Rule III(B)(1) ("The opposing party shall have seven (7) days to submit a letter response, of not more than three (3) pages, setting forth its position in opposition.").)

However, on April 18, 2022, Plaintiff filed a letter motion, i.e., the Rule 54(b) Motion, "seeking a 'Decision and/or Order' declaring" the Court's decision on "plaintiff's 'pendency' claim to be declared a 'final judgment'." (Rule 54(b) Motion). Said Motion was prompted by "the defendant school district "voic[ing] its intention to seek a dismissal of the plaintiff's 'Notice of Appeal' as being 'interlocutory'." (Id.) In support of his Rule 54(b) Motion, Plaintiff "submits that his 'pendency' claim warrants expeditious adjudication because [A.K.] is now 19

3

years old and will be 'aging out' of the defendant school district at age 21," thereby possibly "los[ing] the ability to secure appropriate 'relief' by way of an award of 'back-end' compensatory education that could be theoretically implemented."  (Id.)  In opposition, the Defendants argue: (1) since "the pending and adjudicated claims involve similar and overlapping factual allegations," permitting Rule 54(b) certification would not advance the interests of sound judicial administration or efficiency; and (2) equitable considerations disfavor certification since "the relaxation of pandemic restrictions has mooted Plaintiff's IDEA claim, which was for injunctive relief, directing the [School] District to educate A.K. in its [h]igh [s]chool," and his claim for compensatory damages for the 2020-2021 academic year . . . is currently pending . . . before this Court on appeal from the decision of the State Review Officer." (Opp'n, ECF No. 34, at 2-3; see also note 3 (identifying Killoran v. Westhampton Beach Sch. Dist., No. 21-CV-1281 (E.D.N.Y. 2021), as Plaintiff's action appealing the SRO's administrative decision denying compensatory damages for the 2020-2021 academic year).) Plaintiff has not replied to the Defendants' Opposition.  (See Case Docket, in toto.)  The Court finds the Defendants' Opposition persuasive.

4

## RULE 54(B) CERTIFICATION

Rule 54(B) states, in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). It is a "permissive, not mandatory, mechanism to be 'exercised in the interests of sound judicial administration.'" B.V. v. Allergan, Inc., No. 12-CV-2650, 2016 WL 3390802, at *2 (S.D.N.Y. June 14, 2016) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)).

> Rule 54(b) authorizes a district court to enter partial final judgment "when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an 'express[ ] determin[ation] that there is no just reason for delay.'"

Linde v. Arab Bank, PLC, 882 F.3d 314, 322–23 (2d Cir. 2018) (alterations in original) (quoting Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co., 769 F.3d 135, 140 (2d Cir. 2014)); see also Crespo v. Carvajal, No. 17-CV-6329, 2021 WL 4237002, at *2

5

(E.D.N.Y. Sept. 14, 2021) (quoting Linde; collecting cases). It is within the Court's discretion to determine whether there is no just reason for delay. See Roberts v. Bennaceur, 658 F. App'x 611, 619 (2d Cir. 2016) (quoting L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81, 86 (2d Cir. 1998)). "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." Id. (alterations in original) (quoting Novick v. AXA Network, LLC, 642 F.3d 304, 3011 (2d Cir. 2011)). When making its Rule 54(b) express determination, the district court should "offer a brief, reasoned explanation" for that determination. Guippone v. Bay Harbour Mgmt. LLC, 434 F. App'x 4, 6 (2d Cir. 2011) (further citation omitted). "In light of the 'historic federal policy against piecemeal appeals,' the Second Circuit has cautioned that '[a] certification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case,' where 'there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" Crespo, 2021 WL 4237002, at *3 (quoting Harriscom Svenska AB, 947 F.2d at 629 (further citation omitted)).

Here, there can be no dispute that there are multiple claims and parties in this action and that the M&O rendered a final decision on Plaintiff's pendency claim. The only open issue is

6

whether there is no just reason to delay Plaintiff's appeal of the pendency claim. Plaintiff contends his son's "aging out" of the School District in two years warrants Rule 54(b) certification because, otherwise, he may not be able to secure an award of compensatory education.

First, the Court finds judicial administrative interests do not weigh in favor of certification. This is the first of four actions Plaintiff commenced regarding the 2020-2021 academic year. While this action challenged A.K.'s pendency placement under his IDEA cause of action (the First Cause of Action), in two subsequent actions,[3] he raises similar claims of IDEA violations, as well as other similar claims, i.e.:

---

[3] In a third action, Case No. 21-CV-3264, Plaintiff, his wife, and A.K. (hereafter, the "Plaintiffs") seek a declaratory judgment that Defendants violated their rights under Section 504, the ADA, Section 1983, and state contract law (hereafter, the "Correspondence Action"). They allege that during the course of a "pending" due process hearing initiated under the IDEA, the Plaintiffs' witness, Dr. McLaughlin, a contract employee of the School District, testified that a March 5, 2021 letter, marked "Personal and Confidential" from Dr. Ambrosioni, i.e., the subject Correspondence, caused Dr. McLaughlin "to get very upset." (Correspondence Action, Compl., ECF No. 1, ¶¶ 25, 34, 48; see also Correspondence, Ex. P-1, attached to Compl.) The Correspondence reviewed Dr. McLaughlin's contractual role and listed examples of her acting outside that role. The Correspondence Action Complaint alleges that Dr. McLaughlin viewed the letter as bullying her to change her placement recommendation for A.K. and as threatening her continued employment.
   To the extent Plaintiffs allege that any act of retaliation inflicted upon Dr. McLaughlin is, in essence, an act of retaliation upon them (see Correspondence Action, Compl. ¶¶ 65,72), Defendants have moved to dismiss those Section 504 and ADA claims, arguing Plaintiffs lack standing to bring them. (See Correspondence

(A)  Case No. 21-CV-1281:  An appeal from the decision of SRO Hauge, upholding in part IHO Roth's ruling on Petitioner's Due Process Complaint regarding the 2020-2021 academic year (hereafter, the "Roth/Hauge Appeal").  Petitioner alleges violations of: the IDEA (1st Cause of Action); Section 504 (2nd Cause of Action); the ADA (3rd Cause of Action); and Section 1983 (4th Cause of Action (regarding an alleged Fourteenth Amendment equal protection claim)).  He seeks, among other things, relief of compensatory education.  (See Roth/Hauge Appeal, Compl., ECF No. 1); and

(B)  Case No. 21-CV-5924:  An appeal from the decision of SRO Hauge, upholding IHO Schiro's dismissal of Petitioner's second Due Process Complaint regarding the 2020-2021 academic year (hereafter, the "Schiro/Hauge Appeal"). Again, Petitioner alleges violations of: the IDEA (1st Cause of Action); Section 504 (2nd Cause of Action); the ADA (3rd Cause of Action); and Section 1983 (4th Cause of Action (regarding alleged Fourteenth Amendment due process

---

Action, Mot. for Pre-Mot. Conf., ECF No. 9, at 1-2.)  They raise similar lack-of-standing arguments as to Plaintiffs' Section 1983 First Amendment and Due Process claims.  (See id. at 2-3.) Finally, Defendants seek the dismissal of Plaintiffs' breach of contract claim, arguing "Plaintiffs' allegations for violation of their rights as third-party contractual beneficiaries fail because they have not alleged the existence of a contract which Defendants breached."  (Id. at 3.)  Defendants' fully-briefed dismissal motion is currently pending before the Court.  (See Correspondence Action, ECF Nos. 16 (Dismissal Mot.), 17 (Opp'n), 18 (Reply).)

8

and equal protection claims)).  Further, he again seeks, among other things, relief of compensatory education. (See Schiro/Hauge Appeal, Compl., ECF No. 1).

The Court will not consider this case in isolation and ignore the broader reality that Plaintiff has also commenced these related Appeals actions.  They are, therefore, also considered.

From the Court's initial review of the Roth/Hauge and Schiro/Hauge Appeals, it appears that, in sum, Plaintiff: (1) disagrees with the School District's position that the School District lacks the ability to educate A.K. in-district in a 12:1:1 special class or in a hybrid form; and (2) believes A.K. is able to be educated in the School District's existing in-district 15:1:1 special class.  In other words, Plaintiff's ultimate goal is to secure his son's education within the School District's high school in its 15:1:1 special class.[4]  In essence, the relief sought in the Roth/Hauge and Schiro/Hauge Appeals is no different than what he seeks in this action.  While Plaintiff commenced this action seeking, inter alia, an order directing the School District to provide A.K. his educational instruction in the public library or in-district, in a pendency placement capacity, when considered in tandem with the Roth/Hauge and Schiro/Hauge Appeals, which

---

[4] Neither this statement nor any observations in this Order regarding Roth/Hauge and Schiro/Hauge Appeals is intended to be, or is, a procedural or substantive ruling as to those actions.

9

encompass the same 2020-2021 academic year, the Court finds this action raises claims that are closely related to those in the Roth/Hauge and Schiro/Hauge Appeals and arise out of largely overlapping factual allegations. This presents the type of scenario where the Second Circuit advises against Rule 54(b) certification. See Crespo, 2021 WL 4237002, at *4 ("The Second Circuit has therefore advised against Rule 54(b) certification if the same or closely related issues remain to be litigated, because the interests of judicial economy are not generally served by piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." (quoting Novick, 642 F.3d at 311; cleaned up)); see also TADCO Constr. Grp. Corp. v. Dormitory Auth. of N.Y., No. 08-CV-0073, 2012 WL 3011735, at *4 (E.D.N.Y. July 23, 2012) (stating that courts have "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated" (quoting Novick, 642 F.3d at 311)). Hence, the Court finds that judicial administrative interests weigh against certifying final judgment on Plaintiff's pendency claim.

Nor does the Court find that equitable considerations weigh in favor of granting Rule 54(b) certification.

10

> [I]n light of the policy against piecemeal appeals, <u>it is incumbent upon a party seeking immediate relief</u> in the form of a Rule 54(b) judgment <u>to show</u> not only that the issues are sufficiently separable to avoid judicial inefficiency but also <u>that the equities favor entry of such a judgment</u>.

<u>Novick</u>, 642 F.3d at 314 (emphasis added). Plaintiff's basis for requesting Rule 54(b) certification is the potential that A.K. will "age out" of Defendants' school system in two years. Without more, that proffer is speculative. <u>See, e.g.</u>, <u>Timperio v. Bronx-Lebanon Hosp. Ctr.</u>, No. 18-CV-1804, 2020 WL 9211177, at *3 (S.D.N.Y. Mar. 9, 2020) (denying motion for entry of partial final judgment as plaintiff failed to articulate "'any unusual hardship or injustice [that] it, or any other party, would endure if required to await, in accordance with normal federal practice, the disposition of the entire case before obtaining' a final judgment" (alteration in original) (quoting <u>City of N.Y. v. Milhelm Attea & Bros.</u>, No. 06-CV-3620, 2012 WL 4959502, at *3 (E.D.N.Y. Oct. 17, 2012))). Plaintiff has failed to show why two years' time is not sufficient for this Court to enter a final judgment in this action. The same is true regarding rendering decisions in the Roth/Hauge and Schiro/Hauge Appeals. Thus, in the absence of showing any unusual hardship or injustice, equitable considerations do not favor granting Plaintiff Rule 54(b) Motion, certifying the ruling on his pendency claim to be final.

11

ORDER TO SHOW CAUSE re: CONSOLIDATION

It is within the Court's "inherent authority to manage [its] dockets and courtroom[] with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 579 U.S. 40, 47 (2016). Moreover, "[a] court may consolidate related cases sua sponte under Rule 42(a)." Innovation Ventures v. Ultimate One Distributing Corp., Nos. 12-CV-5354, 13-CV-6397, 2014 WL 824304, at *2 (E.D.N.Y. Mar. 3,2014) (quoting Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (2d Cir.1999)); see also FED. R. CIV. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."). Indeed, "[t]he trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation is favored "to avoid unnecessary costs or delay," id. at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin, 175 F.3d at 130 (internal citations omitted). See also Chem One, Ltd. v. M/V RICKMERS GENOA, 660 F.3d 626, 642 (2d Cir. 2011) (instructing "that, '[i]n assessing whether consolidation is appropriate in given circumstances,' a court 'should consider both equity and judicial economy.'" (quoting Devlin, 175 F.3d at 130)). That is,

12

"consolidation should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice." Chem One, 660 F.3d at 642 (quoting Devlin, 175 F.3d at 130) (emphasis in original; internal quotation marks omitted).

The considerations for Rule 42 consolidation mirror the considerations for Rule 54(b) certification, i.e., judicial economy and equity. While the Court has found that those considerations do not support Rule 54(b) certification, they do weigh strongly in favor of consolidation. As noted, this action, the Roth/Hauge Appeal, and the Schiro/Hauge Appeal all: (1) arise out of A.K's 2020-2021 academic year and allege interrelated facts; (2) essentially assert the same causes of action (i.e., violations of the IDEA, Section 504, the ADA, and Section 1983); and (3) seek nearly identical relief, including compensatory education relief. In this action, Plaintiff has recently filed an Amended Complaint (see ECF No. 29), as to which the Defendants seek permission to move for dismissal (see ECF No. 32). In the Roth/Hauge and Schiro/Hauge Appeals, other than the filing of the respective complaints and answers, no activity has occurred since no administrative records have been filed yet. (See Roth/Hauge Appeal Case Docket, in toto; see also Schiro/Hauge Appeal Case Docket, in toto.) Through consolidation of these action, unnecessary costs or delay will be avoided, unnecessary repetition and confusion will likely be eliminated, and a decision regarding all of

13

Plaintiff's challenges to the School District's ruling regarding A.K.'s 2020-2021 academic year education can be expedited. Importantly, such an approach should assuage any concerns of A.K. "aging out" of the School District's school system.  Further, "the [C]ourt can identify no prejudice that would result from consolidation of the[se] actions."  Innovation Ventures, 2014 WL 824304, at *3 (citation omitted).

Accordingly, the Parties are to show cause why this case, Case No. 20-CV-4121, should not be consolidated with the Roth/Hauge Appeal, Case No.21-CV-1281, and the Schiro/Hauge Appeal, Case No. 21-CV-5924.[5]  Further, either party may move to consolidate the Correspondence Action, Case No. 21-CV-3264, with this action. Relatedly, as it is contemplating consolidating this action with the Roth/Hauge and Schiro/Hauge Appeals, the Court denies without prejudice, as premature, the Defendants PMC Motion regarding an anticipated dismissal motion of Plaintiff's Amended Complaint.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

(A) The Defendants' PMC Motion (ECF No. 32) is **DENIED** without prejudice;

(B) Plaintiff's Rule 54(b) Motion is **DENIED;**

(C) By no later than **May 23, 2022**, Plaintiff and Defendants:

---

[5] The parties are on NOTICE: If consolidation is ordered, the Court will direct the filing of a "Consolidated Amended Complaint".

14

1. Are to **SHOW CAUSE** (by letter brief not to exceed three (3) pages and filed in this action only), **WHY THIS CASE SHOULD NOT BE CONSOLIDATED** with the Roth/Hauge Appeal, Case No. 21-CV-1281, and the Schiro/Hauge Appeal, Case No. 21-CV5924; and

2. May move (by letter motion not to exceed three (3) pages and filed in this action only) for consolidation of this case with the Correspondence Action, Case No. 21-CV-3264; and

(D) The Clerk of Court is directed to file a copy of this Omnibus Order in Case Nos. 21-CV-1281, 21-CV-3264, and 21-CV-5924, with the preamble docket text: "INFORMATIONAL FILING (see Case No. 20-CV-4121):".

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   May _9_, 2022
         Central Islip, New York